## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EDDUARD PRINCE,                           *
                                          *
                    Plaintiff,            *
                                          *
v.                                        *      Civil Case No.: SAG-25-00724
                                          *
DAVID OVERTON, *et al.,*                   *
                                          *
                    Defendants.           *
                                          *

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Edduard Prince filed this action against The Cheesecake Factory Restaurants, LLC ("Cheesecake Factory") and David Overton[1] (collectively "Defendants") in the Circuit Court for Baltimore City. ECF 2. Defendants removed the case to this Court, ECF 1, citing diversity jurisdiction. Two motions are currently pending: Plaintiff's motion to remand the case to state court, ECF 7, and Defendants' motion to dismiss for failure to state a claim, ECF 9. This Court has reviewed both motions and the oppositions and replies that have been filed. ECF 8, 10, 12, 13, 14. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Plaintiff's motion to remand will be DENIED and Defendants' motion to dismiss will be GRANTED.

### I.   Factual Background[2]¶

On May 12, 2024, Plaintiff and his friend, "who are both African-American," visited the Cheesecake Factory at 7002 Arundel Mills Circle. ECF 2 ¶ 5. They waited about 30 minutes before

---

[1] The Complaint does not identify who Overton is or what role he allegedly played in the events described. This Court further notes that the Cheesecake Factory restaurant identified in the complaint is not located in Baltimore City.

[2] The facts are derived from Plaintiff's Complaint, ECF 2, and are taken as true for purposes of this motion.

a server came to their table and were dissatisfied with the quality of the service they received. *Id.* ¶¶ 6–8. Plaintiff and his friend asked to speak to the manager about the poor service but were not satisfied with the response. *Id.* ¶ 9. Plaintiff told the manager that he would not pay for the "substandard experience." *Id.* ¶ 10. In response, the manager threatened to call the police and stated that Plaintiff and his friend could not leave the premises. *Id.* ¶ 11. The manager then walked away from them. *Id.*

The district manager then arrived and used "the racially charged phrase 'you people'" while yelling at Plaintiff and his friend. *Id.* ¶ 12. The district manager "aggressively" ordered Plaintiff and his friend to leave the restaurant. *Id.* ¶ 13.

## II.    Motion to Remand

Plaintiff argues that this case should be remanded to state court for two reasons. First, Plaintiff argues that diversity is lacking because Cheesecake Factory is subject to suit in Maryland. Second, Plaintiff argues that removal was untimely. This Court disagrees on both points.

First, for the purposes of diversity jurisdiction, 28 U.S.C. § 1332(c)(1) states: "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." By its own terms, then, § 1332(c)(1) offers two grounds for corporate citizenship—a corporation is (1) a citizen "of every State and foreign state by which it has been incorporated" and (2) a citizen "of the State or foreign state where it has its principal place of business." § 1332(c)(1). The evidence before this Court (including the document submitted by Plaintiff at ECF 7-1) establishes that Cheesecake Factory was formed in and remains headquartered in California. It is therefore a citizen of California for diversity jurisdiction purposes, not a citizen of every state in which it operates a restaurant. Diversity of citizenship is therefore present.

Second, Cheesecake Factory removed the case to this Court on the thirtieth day after service, making removal timely pursuant to 28 U.S.C. § 1446(b)(1). Plaintiff's motion to remand the case to state court therefore lacks merit and this Court will adjudicate Defendants' motion.

## III.    Motion to Dismiss

Plaintiff's complaint asserts three counts. Count One is a violation of Maryland's Anti-Discrimination Statute, citing a right to be free from discrimination in places of public accommodation. Md. Code Ann., State Gov't § 20-304 prohibits the "owner or operator of a place of public accommodation or an agent or employee of the place of public accommodation" from discriminating on the basis of, *inter alia*, sex or gender identity. However, that law provides that an aggrieved individual may file a complaint with the Maryland Commission on Civil Rights, and that entity is entitled to bring a complaint against the alleged discriminator. *Id.* § 20-1004. Maryland's anti-discrimination law provides a private right of action to individuals subjected to discrimination in employment or housing, but includes no such language with respect to persons alleging discrimination in public accommodations. *See Id.* § 20-1013(a), 20-1035; *see also M.R. ex rel. N.R. v. Tajdar*, Civil No. TDC-17-3836, 2018 WL 6050888, at *5 (D. Md. Nov. 19, 2018). Thus, it is evident that the legislature created no private right of action for persons in Plaintiff's position, and his only recourse rests with the Maryland Commission on Civil Rights. Count One therefore must be dismissed with prejudice.

Count Two asserts a claim for false imprisonment. The elements of that claim are: (1) "the deprivation of the liberty of another" (2) "without consent" and (3) "without legal justification." *Heron v. Strader*, 761 A. 2d 56, 59 (Md. 2000). A cognizable deprivation of liberty requires "some direct restraint of the person," which can be achieved by force, the threat of force, the assertion of legal authority, or other action. *Scott v. Old Navy, LLC*, No. 20-1253, 2022 WL 2764415, at *5

(4th Cir. July 15, 2022) (quoting *Mason v. Wrightson*, 109 A.2d 128, 131 (Md. 1954)). Voluntary consent to the alleged deprivation of liberty nullifies a claim of false imprisonment. *Carter v. Aramark Sports & Ent. Servs., Inc.*, 835 A.2d 262, 285 (Md. Ct. Spec. App. 2003). Here, Plaintiff alleges no direct restraint, use of force, or assertion of legal authority. He merely alleges that the restaurant manager (who is not a law enforcement official or person of other legal status) told him he could not leave, just before walking away from Plaintiff and his friend. Nothing, at that point, restrained Plaintiff and his friend from departing.

Finally, Count Three asserts a claim for intentional infliction of emotional distress ("IIED"). In Maryland, an IIED claim requires four elements: "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977). The extreme and outrageous element requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (Am. L. Inst. 1965)). Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (Am. L. Inst. 1965)).

Plaintiff asserts that Defendants acted in an extreme and outrageous way "by threatening police intervention and using racially derogatory language." ECF 2 ¶ 22. But by Plaintiff's own allegations, the threat to call the police followed his assertion that he would not pay for the meal he had consumed. And the racially derogatory language he asserts is the phrase "you people," which does not alone meet the high bar required to be deemed extreme and outrageous. The case law is clear that similar shouted insults and threats are not extreme or outrageous. *See Cont'l Cas.*

*Co. v. Mirabile*, 449 A.2d 1176, 1187 (Md. Ct. Spec. App. 1982) (finding that no reasonable trier of fact could conclude that yelling and screaming amounted to extreme and outrageous conduct); *Fuelling v. New Vision Med. Lab'ys LLC*, 284 F. App'x 247, 250, 261–62 (6th Cir. 2008) (holding that a white employee's allegations of discriminatory treatment, including that a black coworker called her a "white bitch," failed to raise a triable issue as to whether the conduct was extreme or outrageous); *Morrissey v. Yale University*, 844 A.2d 853 (Conn. 2004) (finding that an employee did not suffer IIED when her coworker pointed at her and said, "[s]ooner or later I'm going to kick your ... ass").

Moreover, Plaintiff has not plausibly alleged that he experienced severe emotional distress from the incident in the restaurant. An IIED claim requires a "severely disabling emotional response to the defendant's conduct," *Harris*, 281 Md. at 570, 380 A.2d 611, even where conduct is sufficiently extreme and outrageous. General assertions of "humiliation, embarrassment, and anxiety," ECF 2 ¶ 23, do not suffice. *See, e.g.*, *Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007) (finding that the plaintiff's allegations of "debilitating conditions, including 'severe depression, anxiety, sleeplessness, headaches and [being] sick to her stomach'" did not establish sufficiently severe distress since the plaintiff did "not allege that she ha[d] been unable to function on a daily basis" (first alteration in original)) ; *see also Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 114–15 (Md. 2000) (collecting cases).On both grounds, then, Plaintiff has not therefore stated a plausible claim for IIED.

**IV.    Conclusion**

For the reasons set forth above, Plaintiff's motion to remand, ECF 7, is DENIED and Defendants' Motion to Dismiss, ECF 9, is GRANTED with prejudice as to Count One and without prejudice as to Counts Two and Three. This case will be closed. A separate Order follows.


Dated: May 7, 2025                                  _____/s/_____

                                                                        Stephanie A. Gallagher
                                                                        United States District Judge