**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **EDDUARD PRINCE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Case No. SAG-25-00724** |
| | * | |
| **DAVID OVERTON, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Edduard Prince ("Plaintiff"), who is self-represented, seeks leave to file an amended complaint, following this Court's dismissal of his original complaint without prejudice, ECF 19, 20. ECF 21. Defendants David Overton and the Cheesecake Factory Restaurants, Inc. (collectively "Defendants") oppose the motion on the ground of futility, ECF 23, asserting that Plaintiff's amended claims remain subject to dismissal. Plaintiff has filed a reply, ECF 24. For the reasons stated herein, Plaintiff's motion to reopen the case and for leave to amend will be granted, without prejudice to Defendants' ability to immediately renew their sufficiency arguments in a motion to dismiss.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his original Complaint in state court, but Defendants removed the case to this Court on March 5, 2025. ECF 1. Defendants promptly moved to dismiss the case for failure to state a claim.[1] ECF 9. After briefing, this Court granted Defendants' motion and dismissed the complaint without prejudice. ECF 19, 20.

---

[1] Plaintiff moved to remand the case to state court, ECF 7, which this Court denied because there is diversity of citizenship between the parties. ECF 19 at 2.

Plaintiff now seeks to file a proposed Amended Complaint, which will, in relevant part, remove the claim under the Maryland Anti-Discrimination statute and add two new federal claims, in addition to reiterating the claims for intentional infliction of emotional distress and false imprisonment. ECF 21-1.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).  Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendants' contention is that amendment would be futile.  ECF 23. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. June 2024 Update) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve an evaluation of the underlying merits of the case." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (citation and quotations

omitted). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

## III.    ANALYSIS

In their opposition to the motion to amend, Defendants raise a series of arguments challenging the sufficiency of the allegations supporting each of Plaintiff's claims. ECF 23.

Without reaching the merits of those legal issues, Plaintiff's proposed Second Amended Complaint cannot fairly be described as "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. He has set forth a number of claims and has asserted facts describing what occurred. *See* ECF 21-1. Evaluating Defendants' arguments will require this Court to compare the elements of each claim to the facts alleged.

Given that the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss, this Court will permit Plaintiff to file his Amended Complaint and will ask Defendants to re-file their arguments in favor of dismissal for this Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is somewhat lacking in efficiency, allowing Plaintiff's amendment will not prejudice Defendants and will produce the cleanest record for the parties to proceed with this case.

A separate Order follows, which will reopen this case and direct the Clerk to docket the Amended Complaint filed at ECF 21-1.

Dated: August 4, 2025                                    _____/s/_____

                                                        Stephanie A. Gallagher
                                                        United States District Judge