IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDDUARD PRINCE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-25-00724 |
| DAVID OVERTON, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Following this Court's dismissal of his original Complaint, ECF 25, 26, Plaintiff Edduard Prince, a serial litigant in this Court, filed a First Amended Complaint against The Cheesecake Factory Restaurants, LLC ("Cheesecake Factory"), "John Doe (District Manager)," and David Overton (collectively "Defendants"). ECF 27. Defendants have again moved to dismiss for failure to state a claim, ECF 28. This Court has reviewed the motion and the opposition and reply that have been filed, ECF 30, 31, and has determined that no hearing is required. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, Defendants' motion to dismiss will be GRANTED.

**I.     FACTUAL BACKGROUND**[1]

On May 12, 2024, Plaintiff and his friend, who are "both African-American," visited the Cheesecake Factory at 7002 Arundel Mills Circle. ECF 27 ¶ 5. They waited more than 30 minutes before a server came to their table and they were dissatisfied with the quality of the service they received. *Id.* ¶¶ 6–7. Plaintiff and his friend asked to speak to the manager about the poor service.

---

[1] The facts are derived from Plaintiff's First Amended Complaint, ECF 27, and are taken as true for purposes of this motion.

*Id.* Plaintiff "expressed that he did not believe he should be charged for the substandard service."[2] *Id.* ¶ 8. In response, the manager threatened to call the police and stated that Plaintiff and his friend could not leave the restaurant.[3] *Id.* ¶ 8.

The district manager soon arrived, referred to Plaintiff and his friend as "you people," and instructed them to leave the restaurant in a "loud and disrespectful tone." *Id.* ¶ 9. Plaintiff experienced "humiliation, embarrassment, and emotional distress in a public setting." *Id.* ¶ 10.

## II.     LEGAL STANDARDS

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

---

[2] Here, as in other places, Plaintiff has significantly altered certain factual allegations from his original Complaint, seemingly in response to this Court's opinion pointing out why the facts he had alleged make his claims unviable. *See* ECF 1 ¶ 10 (indicating that Plaintiff told the manager he would not pay for the meal). Although Plaintiff is self-represented, all litigants have a duty of candor to the Court. Misrepresenting facts is impermissible and can subject litigants to sanctions.

[3] Here, again, Plaintiff omitted a less-than-favorable-fact alleged in his original Complaint, where he stated that the restaurant manager "walked away" after giving that instruction. ECF 1 ¶ 10.

However, to survive a motion under Fed. R. Civ. P. 12(b)(6), the standard is higher. A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ...."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the

legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   MOTION TO DISMISS

Plaintiff's First Amended Complaint asserts four counts. None is adequately pleaded. Moreover, because the First Amended Complaint, like the original Complaint, does not make any

reference whatsoever to any actions taken by David Overton, all claims against him will be dismissed with prejudice. The claims asserted against Cheesecake Factory and its District Manager are addressed below.

Count One asserts a claim for false imprisonment. The elements of that claim are: (1) "the deprivation of the liberty of another" (2) "without consent" and (3) "without legal justification." *Heron v. Strader*, 761 A. 2d 56, 59 (Md. 2000). A cognizable deprivation of liberty requires "some direct restraint of the person," which can be achieved by force, the threat of force, the assertion of legal authority, or other action. *Scott v. Old Navy, LLC*, No. 20-1253, 2022 WL 2764415, at *5 (4th Cir. July 15, 2022) (unpublished) (quoting *Mason v. Wrightson*, 109 A.2d 128, 131 (Md. 1954)). Voluntary consent to the alleged deprivation of liberty nullifies a claim of false imprisonment. *Carter v. Aramark Sports & Ent. Servs., Inc.*, 835 A.2d 262, 285 (Md. Ct. Spec. App. 2003). Here, as in his original Complaint, Plaintiff alleges no direct restraint, use of force, or assertion of legal authority. He merely alleges that the restaurant's manager (who is not a law enforcement official or person of other legal status) told him he could not leave and "threatened to call the police." Police never arrived and Plaintiff was never arrested. Nothing, at any point, deprived Plaintiff and his friend of their liberty or restrained them from departing the Cheesecake Factory.

Count Two asserts a claim for intentional infliction of emotional distress ("IIED"). In Maryland, an IIED claim requires four elements: "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977). The extreme and outrageous element requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds

of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (A.L.I. 1965)). Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (A.L.I. 1965)). Indeed, in the first thirty years after the Maryland "Court of Appeals recognized the tort of IIED, it [ ] upheld such claims only four times." *Lasater v. Guttmann*, 5 A.3d 79, 90 (Md. Ct. Spec. App. 2010).

Plaintiff asserts that the District Manager acted in an extreme and outrageous way "in referring to Plaintiff as 'you people' in a derogatory tone, threatening him with police involvement, and humiliating him in front of others." ECF 27 ¶ 18. The case law is clear that similar shouted insults and threats are not extreme or outrageous, even when done in front of other people. *See Cont'l Cas. Co. v. Mirabile*, 449 A.2d 1176, 1187 (Md. Ct. Spec. App. 1982) (finding that no reasonable trier of fact could conclude that yelling and screaming amounted to extreme and outrageous conduct); *Fuelling v. New Vision Med. Lab'ys LLC*, 284 F. App'x 247, 250, 261–62 (6th Cir. 2008) (unpublished) (holding that a white employee's allegations of discriminatory treatment, including that a black coworker called her a "white bitch," failed to raise a triable issue as to whether the conduct was extreme or outrageous); *Morrissey v. Yale Univ.*, 844 A.2d 853 (Conn. 2004) (finding that an employee did not suffer IIED when her coworker pointed at her and said, "[s]ooner or later I'm going to kick your . . . ass").

Moreover, Plaintiff has not plausibly alleged that he experienced severe emotional distress from the incident in the restaurant. An IIED claim requires a "severely disabling emotional response to the defendant's conduct," *Harris*, 380 A.2d at 616, even where conduct is sufficiently extreme and outrageous. General, conclusory assertions of "humiliation, embarrassment, and emotional distress," ECF 27 ¶ 10, or the conclusory label "severe emotional distress," *id.* ¶ 20, do

6

not suffice. *See, e.g.*, *Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007) (finding that the plaintiff's allegations of "debilitating conditions, including 'severe depression, anxiety, sleeplessness, headaches and [being] sick to her stomach'" did not establish sufficiently severe distress since the plaintiff did "not allege that she ha[d] been unable to function on a daily basis" (first alteration in original)) ; *see also Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 114–15 (Md. 2000) (collecting cases). On both grounds, then, Plaintiff has not stated a plausible claim for IIED.

Counts Three and Four of the First Amended Complaint assert race discrimination claims pursuant to 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964, respectively. Section 1981 guarantees all persons within the jurisdiction of the United States the same right to make and enforce contracts as white citizens. Plaintiff has not cited any cases suggesting that a party "makes or enforces a contract" when eating at a restaurant. But to the extent the Cheesecake Factory "contracts" with its patrons, the parties' agreement would be for the restaurant to prepare the diners' food in exchange for payment. Plaintiff entered the restaurant, ordered food, consumed the food, and then (depending on which version of the complaint one reads) either refused to pay or "expressed that he did not believe he should be charged for the substandard service." The only difference in the "contracting" process, then, was in Plaintiff's apparent failure to fulfill his end of the "bargain." A § 1981 claim cannot lie.

Plaintiff's Title II claim rests on a somewhat stronger legal foundation, as that statute prohibits discrimination on the basis of race in places of public accommodation, including restaurants. 42 U.S.C. §§ 2000a(a); 2000a(b)(2). But the factual foundation is still sorely lacking.

To prevail here, Plaintiff "must establish that (1) the restaurant affects commerce; (2) the restaurant is a public accommodation; and (3) the restaurateur denied plaintiff full and equal enjoyment of the establishment" on the discriminatory basis of race. *Callwood v. Dave & Buster's,*

*Inc.*, 98 F. Supp. 2d 694, 709 (D. Md. 2000). As noted above,[4] Plaintiff has not pleaded facts suggesting that he was denied "full and equal enjoyment" of the Cheesecake Factory. Like many customers at that and other dining establishments, Plaintiff found himself dissatisfied with the service and the food. But Plaintiff has not pleaded facts plausibly suggesting that he received unequal service on the basis of his race. He has not alleged that white patrons received materially faster or meaningfully cheerier service or that their orders were delivered entirely free of mistakes. And he has not asserted any facts plausibly suggesting that his subsequent treatment by the manager or district manager, including the threat to call the authorities, stemmed from his race as opposed to his refusal to pay (or expression that he should not be charged for the full meal he had already consumed). Certainly, he has not pleaded facts establishing that persons of other races are permitted to dine at Cheesecake Factory without paying, or that they are treated more favorably when that occurs. Plaintiff's race discrimination claims must be dismissed.

---

[4] "This Court has applied the same framework for analyzing discrimination claims under both Title II and Section 1981, thus typically dismissing the Title II claim if the Section 1981 claim has already been dismissed." *Univ. of Md. E. Shore Nat'l Alumni Ass'n, Inc. v. Schulte Hospitality Grp., Inc.*, No. RDB-23-2141, 2024 WL 3424088, at *9 (D. Md. July 15, 2024) (slip copy) (citing *Sherman v. Marriott Hotel Servs., Inc.*, 317 F. Supp. 2d 609, 616 (D. Md. 2004)).

IV. **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 27, is GRANTED. Because Plaintiff has now had two attempts to plead a viable claim and has simply manipulated the facts to try to survive a motion to dismiss instead of adding new facts to make his claim plausible, his claims will be dismissed with prejudice as to all counts.[5] This case will be closed. A separate Order follows.

Dated: October 27, 2025

/s/
Stephanie A. Gallagher
United States District Judge

---

[5] *See U.S. ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 196–200 (4th Cir. 2022) (finding no abuse of discretion by the lower court either in (1) dismissing the *initial* complaint ("In the Fourth Circuit, district courts are not required to give plaintiffs one without-prejudice ruling on the merits before dismissing with prejudice. . . . District courts have inherent power to manage their dockets with an eye toward speedy and efficient resolutions, . . . and part of that power is the use of with-prejudice dismissals."); or (2) denying leave to amend the complaint based on finding of bad faith where plaintiff, among other things, "'change[d] substantive facts from one filing to the next' to avoid dismissal.").